## ST. CROIX MFG. CO. v. AETNA CAS. & SURETY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8304. Decided Mar. 26, 1928.

Middleton, P. J., and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**279a—CONFLICT OF LAWS—1139. Surety Bonds.**

Where contractor's bond is executed in Pennsylvania to secure performance of contract in that state, Pennsylvania laws governing liability of surety will apply. Surety's liability could not be enlarged by fact that principal made engagement outside state of performance.

Error to Common Pleas.
Judgment affirmed.

Turney & Sipe, Cleveland, for St. Croix Mfg. Co.

Squire, Sanders & Dempsey, Cleveland, for Surety Co.

**FULL TEXT.**

MAUCK, J.

The Moore and Lamb Construction Company, of Youngstown, Ohio, entered into a contract for the construction of a school building at Woodlawn, Pennsylvania, and gave as surety for the performance of the contract The Aetna Casualty and Surety Company. One of the terms of the bond was that the principal

"shall fully re-imburse and repay the owner all outlay and expenses which the owner may incur in making good any such default, and shall pay all persons who have contracts directly with the principal for labor or materials."

The St. Croix Manufacturing Company claims to have had a contract with the construction company under which it furnished materials for the work mentioned and alleges that the principal has not paid for the same, and in this action recovery was sought from the surety. To a petition reciting these facts the defendant answered, admitting the execution of the bond but alleging that the bond was executed in the State of Pennsylvania and was to be performed in that state, and that under the laws of Pennsylvania the surety is not liable to respond to the plaintiff's claim. The reply denies all the allegations of the answer inconsistent with the plaintiff's right of recovery.

Trial was had to Judge Walther of the Court of Common Pleas, a jury being waived. The finding and judgment were for the defendant. It is now sought to reverse that judgment.

The record shows that the construction company made its application to the surety company in this state but it shows further that the desired bond was granted and issued in the State of Pennsylvania. The bond itself recites that the contract which the surety undertakes to see performed is to be wholly performed in the State of Pennsylvania.

In Ohio a bond containing the provision quoted would, of course, inure to the benefit of any material man who might be so associated with the improvement as to be entitled to a mechanic's lien in case the structure were privately owned. **Indemnity Company v. Day,** 114 OS. 58. The plaintiff in this case stood in

that relationship and would under the laws of this state have a right of action on the bond.

The bond was not, however, an Ohio instrument. It was executed in Pennsylvania to secure the performance of a contract in that state. The sub-contract upon which the rights of the plaintiff as against the principal arose was, to be sure, entered into outside the State of Pennsylvania but the contract fixing the surety's liability was wholly a Pennsylvania instrument, and that liability fixed by the surety's signature could not thereafter have been enlarged by the mere fact that the principal made engagements outside the state of performance. **Heaton v. Eldridge & Higgins,** 56 OS. 87.

The law of Pennsylvania was pleaded and proved as a fact in this case. It is clearly shown that under the law of that state the bond in question does not run in favor of a material man contracting with the principal.

The judgment of the learned trial court was right.

(Middleton, P. J., concurs.)